ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. - Newnan
APR 9 2003
LUTHER D. THOMAS, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| CHARLES LEE McCORD, M.D., ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| v. ) | CIVIL ACTION FILE |
| ) | NO. 3:02-CV-81-JTC |
| ERIC HALL, MIKE PLOKI, GARY ) | |
| BRECKA, JOHN DOES, 1-5 Individually, ) | |
| BARRON CHASE SECURITIES, INC., ) | |
| CONCORD EQUITY GROUP, L.L.C., ) | |
| ALLEN DOUGLAS SECURITIES, INC., ) | |
| JANNEY MONTGORMERY SCOTT, LLC,) | |
| and ABC CORPORATIONS 1-5, ) | |
| ) | |
| DEFENDANTS. ) | |

## INITIAL DISCLOSURES OF DEFENDANT BRECKA

(1) If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.

RESPONSE:

N/A.



(2) Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff. If defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.

N/A.

(3) Provide a detailed factual basis for the defense or defenses and any counterclaims or cross claims asserted by defendant in the responsive pleading.

Defendant contends that he is not subject to personal jurisdiction in this action because he is a non-resident of the state of Georgia, was served outside the state of Georgia, and committed none of the predicate acts listed in the Georgia Long-Arm Statute.

Defendant further contends that Plaintiff is not the owner of the stocks and funds that he alleges Defendant traded. Instead, the stocks and funds were the property of a limited partnership and of a foreign corporation.

Defendant further contends that he is not a broker or subject to liability for the alleged actions because he acted without remuneration, at the request of and as a friend of Plaintiff, who knew Defendant was not a broker.

(4) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.

O.C.G.A. § 9-10-91.

The Defendant is an individual who is not and never has been a broker nor has he ever been employed by a brokerage house. He has never represented himself as a broker, and the plaintiff has acknowledged in writing and before others that he knew that the Defendant is not a broker. The Defendant has never received compensation as a broker and consequently cannot be found to have been in the business of being a broker. The Defendant is simply a friend of the Plaintiff whom the Plaintiff asked for assistance. That friendly help cannot constitute grounds for finding him liable to the Plaintiff.

(5) Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses unless solely by impeachment, identifying the subjects of the information. (Attach witness list to Defendant's Initial Disclosures as Attachment A.)

See Attachment A.

(6) Provide the name of any person who may be used at trial to present

evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in F.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Defendant's Responses to Initial Disclosures as Attachment B.)

N/A.

(7) Provide a copy or description by category and location of, all documents, data compilations, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely by impeachment, identifying the subjects of the information. (Attach document list and descriptions to Defendant's Responses to Initial Disclosures as Attachment C.)

See Attachment C.

(8) In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under F.R.Civ.P. 34. (Attach any copies and descriptions to Defendant's Responses to Initial Disclosures as Attachment D.)

N/A.

(9) If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.

N/A.

(10) Attach for inspection and copying as under F.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment. (Attach copy of insurance agreement to Defendant's Responses to Initial Disclosures as Attachment E.)

N/A.

                                                                           John P. Marinan (Of Counsel)
                                                                           Georgia Bar No. 470637

Keegan Federal & Associates
Suite 1175
1800 Century Boulevard
Atlanta, GA. 30345
404.315.9955

## ATTACHMENT A

Eric Hall, previously a defendant in this action. 111 Napa Ridge Way, Naples, FL (Re: Plaintiff's trading history, and knowledge that Defendant was not a broker);

Mike Plocki, previously a defendant in this action. 1635 Berkshire Av, Winter Park, FL (Re: Plaintiff's trading history);

Kathy K. Kregan, CPA, Lancaster, CA (Re: Plaintiff's knowledge that Defendant was not a broker);

Representative of Janney Montgomery Scott, LLC (Re: Plaintiff's trading history);

Representative of Allen Douglas Securities, Inc. (Re: Plaintiff's trading history);

Representative of Barron Chase Securities, Inc. (Re: Plaintiff's trading history).

## **ATTACHMENT B**

None at this time.

## ATTACHMENT C

E-mails between the plaintiff and defendant.

Various newsletters and stock sheets sent to defendant by plaintiff, including "How to Become a Multi-Millionaire in Just One Decade," "Game Over Dominators, Locked-In Wealth from Revolutionary Change," "The Change Wave, Top 10 Rebound Stocks for 2001," "5 Emerging Superstars," Change Wave, February 2001 "Tracking Down the Best 2001 Sweet-Spot Stocks," Change Wave, March 2001 "Strategic Investment Planning in Uncertain Economic Times, Change Wave, April 2001 "It's High Time to Get Back to Some Investing Basics."

1/26/01 fax from plaintiff to defendant re transfer of JMS account to Allen-Douglas.

# **ATTACHMENT D**

None.

## **ATTACHMENT E**

None.

## **CERTIFICATION OF FONT SIZE**

I hereby certify that this document was prepared in accordance with LR 5.1B, ND Ga., in Times New Roman 14 point font.

*[signature]*
John P. Marinan (Of Counsel)
Georgia Bar No. 470637

## CERTIFICATE OF SERVICE

This is to certify that as of this date, I have served a copy of the within and foregoing Mandatory Disclosures of Defendant Brecka upon opposing counsel by depositing a copy of same in the United States Mail, with adequate postage affixed thereon, addressed to the Attorney of Record, as follows:

> Roy Mullman, Esq.
> Roy Mullman & Associates, PC
> 1 Live Oak Center, Suite 980
> 3475 Lenox Road
> Atlanta, GA 30326

This 8th day of April, 2003.

KEEGAN FEDERAL & ASSOCIATES

John P. Marinan
Georgia Bar Number 47063

1800 Century Boulevard, N.E.
Suite 1175
Atlanta, Georgia 30345
404.315.9955